Parker C. J.
delivered the opinion of the Court. This case was entirely for the jury to determine, and there is not sufficient reason to suppose their verdict was not well founded on the ev'dence."' Whether the possession of the goods by Chanly was by virtue of a consignment by the plaintiff, or a sale, depended altogether upon the question, whether the transaction proved was colorable or genuine. Certainly a person may place properly in the hands of a poor man, to enable him to "trade with it and gain a subsistence from the profits, without exposing it to seizure by his creditors. The terms upon which the goods were taken by Chanly, as proved by the plaintiff’s witnesses, were consistent with the plaintiff’s claim of property in them, and a consignment of them to Chanly for sale, and it is equally true that all this may have been only ostensible, while the real purpose was to nrotect Clianly’s goods from his creditors. But it is for the yury alone to distinguish the character of these transactions, and they having pronounced them to be honest and fair, there is no legal ground for the Court to interfere.

Judgment according to verdict.